UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ORLIN FERNANDO CARDENAS VIJIL,

     *Petitioner*,

v.                                 Case No. 3:26-cv-1342-JEP-MCR

WARDEN, NORTH FLORIDA
DETENTION CENTER, et al.,

     *Respondents.*

_____/

## **ORDER**

Petitioner, a detainee of the United States Immigration and Customs Enforcement ("ICE"), filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking, among other relief, an order directing Respondents to release him or alternatively, provide him with a bond hearing pursuant to 8 U.S.C. § 1226(a). (*See* Doc. 1 at 8). Petitioner, a citizen of Honduras, entered the United States in October 2024, and was granted parole. (*Id.* at 1, 3–4; Doc. 4-1 at 8). Petitioner was arrested on December 27, 2025, following a traffic stop. (Doc. 1 at 4). After two months of criminal detention, Petitioner was transferred into ICE custody. (*Id.*). He contends, among other things, that his mandatory detention without an individualized bond hearing violates the Immigration and Nationality Act ("INA"). (*See id.* at 6–7). At the heart of this

case is whether Petitioner's detention is governed by 8 U.S.C. § 1226(a) or § 1225(b)(2)(A). (*See id.* at 6–7).

This Court previously addressed claims and arguments similar to those raised in this case, concluding that the Court has jurisdiction, but the relevant statutory language and context support the Federal Respondents' position that an alien without lawful admission who has resided in the United States for some appreciable period of time is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Diaz Lopez v. Dir. of Enf't of Removal Operations*, 817 F. Supp. 3d 1260 (M.D. Fla. 2026); *see also Lozano Sousa v. Ripa*, No. 3:25-cv-1617-JEP-PDB, 2026 WL 958794 (M.D. Fla. Mar. 27, 2026). However, on May 6, 2026, the Eleventh Circuit Court of Appeals took the opposite approach on the substantive issue under the INA, concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1276 (11th Cir. 2026).[1] While the opinion did not

---

[1] Although the mandate has not yet issued, the Eleventh Circuit's published opinion has immediate precedential effect. *See Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992) (noting that a published opinion "is the law in this circuit unless and until it is reversed, overruled, vacated, or otherwise modified by the Supreme Court of the United States or by [the Eleventh Circuit] sitting en banc," and that a stay of the mandate "in no way affects the duty of . . . the courts in this circuit to apply now the precedent established by" the published opinion "as binding authority"); 11th Cir. IOP—Cir. R. 36.2 ("Under the law of this circuit, published opinions are binding precedent. The issuance or non-issuance of the mandate does not affect this result.").

specifically address the circumstance of an individual, like Petitioner, who had been initially paroled into the country, the reasoning of the opinion is equally applicable to Petitioner. Petitioner was detained within the interior of the United States—not at the border. *See id.* at 1286 (recognizing "the longstanding border-interior distinction for purposes of [immigration] detention"). And he was not "seeking lawful entry after inspection and authorization by an immigration officer"—indeed, he was "not applying for entry in any literal sense when [he was] detained" following a traffic stop. *Id.* at 1269 (some internal quotation marks omitted).

In their response, the Federal Respondents argue that "[Petitioner]'s parole at a port of entry allowed his otherwise mandatory § 1225(b)(2)(A) detention to be suspended, subject, however, the government's right to treat him 'as if stopped at the border,'" (Doc. 4 at 4 (quoting *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139 (2020))), and that upon termination of parole, "[Petitioner's status] was . . . restored to [that of] an arriving alien subject to mandatory detention," (*id.*). However, the two district court cases the Federal Respondents cite to support their argument carry little persuasive value in light of *Hernandez Alvarez*: both cases were decided prior to the Eleventh Circuit's decision, and one of them is out-of-circuit. (*Id.*); *see Pedro v. Warden, Glades Cnty. Det. Ctr.*, No. 2:26-cv-524-KCD, 2026 WL 900129, at *5 (M.D. Fla. Apr. 2, 2026); *Chanaguano Caiza v. Scott*, No. 1:25-CV-00500-JAW,

3

2025 WL 3013081, at *6 (D. Me. Oct. 28, 2025). The Federal Respondents also provide a quote from *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020) invoking due process, which is not germane to the issues here. (*See* Doc. 4 at 5).[2]

Accordingly, the *ratio decidendi* of *Hernandez Alvarez* applies in this case, and the Court is bound by it. (*See id.* at 6).

Therefore, it is **ORDERED**:

1. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** as to Petitioner's claim that his detention without an individualized bond hearing violates the INA.[3] Within **seven days** of this Order, Respondents shall either afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release Petitioner. If Respondents release Petitioner,

---

[2] The Federal Respondents also argue that Petitioner's parole "allowed his otherwise mandatory § 1225[] detention to be suspended, subject, however, [to] the government's right to treat him 'as if stopped at the border.'" (Doc. 4 at 4 (quoting *Thuraissigiam*, 591 U.S. at 139)). But *Thuraissigiam* mentions only the detention status of aliens on parole, not post-termination of parole. 591 U.S. at 139.

[3] Because the Court grants relief on Petitioner's claim under the INA, the Court need not address Petitioner's other claims. *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

they shall provide Petitioner with access to a telephone to arrange transportation from the detention facility.

2. The Warden's motion to dismiss (Doc. 6) is **DENIED** for the same reasons stated in *Lanvin-Valdez v. U.S. Immigr. & Customs Enf't*, No. 3:26-CV-180-JEP-SJH, 2026 WL 1004569, at *2–3 (M.D. Fla. Apr. 14, 2026).

3. The Clerk is **DIRECTED** to enter judgment granting the petition, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida, on July 15, 2026.

_____

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

c:
Orlin Fernando Cardenas Vijil
Counsel of Record

5